**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Executone of Columbus, Inc.,** *et al.***,**

   **Plaintiffs,**

**-V-**           **Case No. 2:06-CV-00126**
              **JUDGE SMITH**
              **Magistrate Judge King**

**Inter-tel, Incorporated,** *et al.***,**

   **Defendants.**

## OPINION AND ORDER

Plaintiffs Executone of Columbus, Inc. ("Executone"), Executone Communications Solutions, Inc., CT-Innovations, LLC, Ideacom of the Gulf Coast, Inc., Ideacom Technologies of Georgia, Inc., and Ideacom Technologies, Inc. (collectively "Plaintiffs"), bring this action for breach of contract and promissory estoppel against Defendants Inter-Tel Inc. and Inter-Tel Business Information Systems Inc. (collectively "Defendants"). Defendants counterclaim for breach of contract and an equitable accounting. Plaintiffs now move to dismiss the counterclaim of equitable accounting or, in the alternative, move for a more definite statement. For the following reasons, the Court **GRANTS** the Plaintiffs' Motion to Dismiss (Doc. 59) and consequently denies Plaintiffs' Motion for a More Definite Statement as moot.

2

## I.  FACTS

For purposes of ruling on Plaintiffs' Motion to Dismiss, the Court accepts as true the well-pleaded facts set forth in the Amended Counterclaim.

Plaintiffs are companies that sell telephony products to consumers. (Compl. ¶¶14–19).  Defendants are the distributors for such products. (Compl. ¶¶ 7–8).  Each Plaintiff entered into a several distributorship agreements with Executone Information Systems ("EIS"), manufacturer of Executone products, which were to renew until terminated pursuant to the Distributorship Agreement.  (Compl. ¶¶14–19).

These agreements placed certain obligations on EIS, including the obligation to (1) provide technical service and support; (2) act in good faith with respect to all matters covered by the agreement; (3) utilize best efforts to provide the Plaintiffs with authorized products that are competitive in the marketplace in function, feature, and price; and (4) to develop new products and make them available to distributors.  (Compl. ¶22).  Plaintiffs contend that EIS did not meet these obligations because they "consistently failed to provide adequate service and technical support to Plaintiffs," and the only products made available were of such poor quality and design that they were not competitive in the marketplace.  (Compl. ¶¶ 24–27).

On October 17, 1999, Defendants entered into an asset purchase agreement with EIS. (Compl. ¶ 29).  Plaintiffs allege that by doing so, Defendants assumed EIS' obligations and liability under Plaintiffs' distributor

agreements. (Compl. ¶¶ 29–30). Further, Plaintiffs allege that Defendants failed to meet their obligation to provide technical service to them, with long wait times, unknowledgeable and unhelpful service. (Compl. ¶ 44).

Plaintiffs allege that in May 2000, Defendants closed Executone's headquarters in Connecticut, which eliminated altogether technical and service support and caused them to further fail to fulfill their obligations to Plaintiffs. (Compl. ¶¶ 45–46). On August 9, 2000, Plaintiffs allege that Defendants greatly harmed their business by writing off the Executone acquisition and announcing that "the Executone business offers no value from the Executone business, products and related trademark, brand and name." (Compl. ¶ 47). Finally, Plaintiffs contend that Defendants made the decision to discontinue several Executone product lines and to market another Executone product under the Inter-Tel line, allowing Inter-Tel to raid the Executone customer base. (Compl. ¶ 49). For the forgoing reasons, Plaintiffs bring this action against Defendants for breach of contract and promissory estoppel.

Defendants admit that they entered into distributorship agreements and an asset purchase agreement with EIS, but deny any of the service complaints. (Defs' Am. Countercl. ¶¶ 8–16). Defendants also admit that that portions of the Connecticut facility were closed. (Defs' Am. Countercl. ¶¶ 17). Furthermore, Defendants admit that that they took a restructuring charge

for the Executone write-off, but deny the other allegations.  (Defs' Am. Countercl. ¶¶ 19–21).

On the other hand, Defendants' counterclaim that Plaintiffs materially breached the distributorship agreement by their failure to (1) maintain accurate sales records, (2) promote the sale of EIS products and not sell competing products, (3) augment the sales potential of the EIS products, (4) act in good faith and in a fair and equitable manner with respect to the matters covered in the distributorship agreement, and (5) use their best efforts to market Defendants' products.  (Defs' Am. Countercl. ¶¶ 2–6).  Additionally, Defendants argue that due to Plaintiffs poor record keeping and in order to properly assess their damages, Defendants are entitled to an accounting. (Defs' Am. Countercl. ¶¶ 9–10).  Therefore, Defendants bring claims for breach of contract, as well as accounting.  (Defs' Am. Countercl. ¶¶ 5–10).

On February 16, 2006, Plaintiffs filed this action in the United States District Court for the Southern District of Ohio.  On October 20, 2006, the Defendants filed their first amended counterclaim.  On November 3, 2006, Plaintiffs filed this motion to dismiss Defendants' counterclaim for accounting under Fed. R. Civ. P. 12(b)(6) or, in the alternative, move for a more definite statement under Fed. R. Civ. P. 12(e).

## II.  MOTION TO DISMISS STANDARD

A  motion  to  dismiss  for  failure  to  state  a  claim  "should  not  be  granted unless  it  appears  beyond  a  doubt  that  the  plaintiff  can  prove  no  set  of  facts  in

support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d. ed. 2006). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential

allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original, quotes omitted).

> [w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Id.*

### III.  DISCUSSION

As an initial matter, the parties tacitly agree that Ohio law governs. (Pls' Mot. to Dis. at 3; Defs' Memo. in Opp. at 6).  Defendants assert two causes of action against Plaintiffs including (1) breach of contract and (2) accounting.  (Defs' Am. Countercl. ¶¶ 1–10).  Plaintiffs argue that Defendants' claim for accounting should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, move under Fed. R. Civ. P. 12(e) for a more definite statement. This Court will first address Plaintiffs' argument for the dismissal of the accounting claim, then turn to the motion for a more definite statement.

#### A.  Motion to Dismiss Defendants' Equitable Accounting Counterclaim

Plaintiffs argue that Defendants have failed to allege any facts that would provide a legal basis for relief.  (Pls' Mot. to Dis. at 1).  Plaintiffs first argue that Defendants have not shown an inadequacy of remedy at law; therefore, Defendants cannot ask for a relief in equity.  (Pls' Reply at 4). Next, Plaintiffs contend that Defendants' claim for accounting is a disguise

for discovery.  (Pls' Mot. to Dis. at 2).  Finally, Plaintiffs argue that because there is no fiduciary duty between the Plaintiffs and the Defendants, accounting is not an appropriate remedy.  (Pls' Mot. to Dis. at 2).

Defendants argue that an accounting is required since they lack information to ascertain how much damage they have sustained due to the breach of the Distributorship Agreement. (Defs' Memo. in Opp. at 6). Defendants further argue that they have asserted operative facts to support their claim for accounting by citing to the specific parts of the distributorship agreement between the parties requiring the keeping of proper business records. (Defs' Memo. in Opp. at 4-5).  Next, Defendants argue that their use of the phrase "in order to do equity" not only invokes the Court's equitable powers, but also demonstrates Defendants' inadequacy of relief at law.  (Defs' Memo. in Opp. at 11). Defendants, in addition, distinguish accounting as a method of disclosure and argue that Plaintiffs' motion for a more definite statement is discovery. (Defs' Memo. in Opp. at 6).  Finally, Defendants argue that their right to an accounting must be construed under the liberal pleading requirement of Federal Rules of Civil Procedure Rule 8, as well as independently under the distributorship agreements.  (Defs' Memo. in Opp. at 6).

The Court agrees with the Plaintiffs that the Defendants not have pled enough facts to satisfy the elements of an accounting claim.  Defendants have not alleged that a fiduciary relationship exists between the parties, or that Defendants are entitled to profits in Plaintiffs' possession.  Therefore, the

Court finds Plaintiffs' argument that there can be no fiduciary relationship between distributor and seller persuasive. The Court reaches these conclusions for the following reasons.

**1.    The claim of equitable accounting has changed with the advent of the Federal Rules of Procedure.**

The Court finds that the Defendants are not entitled to the liberal construction of accounting they seek. Due to the historical nature of the relief of accounting, the usage of accounting has changed with the advent of the Federal Rules of Civil Procedure since "the liberal discovery procedures of the Federal Rules operate to make the legal remedies more 'adequate' than before." *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972). "In light of the broad discovery available to litigants, accounting actions are of dubious utility." *Digital 2000, Inc. v. Bear Communs., Inc.*, 130 F. App'x 12, 22–23 (6th Cir. 2005). Furthermore, "Ohio law has consistently held that where there is an adequate remedy at law, an equitable remedy is improper." *McNulty v. PLS Acquisition Corp.*, 2002 Ohio 7220, P80 (Ohio Ct. App. 2002). It will be the rare case where an equitable accounting lies, since legal remedies are more adequate; discovery is liberal under the Federal Rules of Civil Procedure; and the requirement of inadequacy of remedy at law remains the same. Here, Defendants have argued for their need to perform discovery rather than establishing the inadequacy of their relief at law. (Defs' Memo. in Opp. at 11). Defendants' case is not one of those "rare cases" since their damages are readily ascertainable through discovery. Accordingly, the Court finds dismissal of Plaintiffs' accounting claim proper.

**2.    Defendants have not pleaded the elements of an accounting claim.**

As an additional ground for dismissing Defendants' accounting claim, the Court finds that the Defendants have failed to adequately plead the elements of an accounting claim.  "An action for an accounting seeks a determination by a court of what may be due the respective parties as a result of the relationship between them."  *Moore v. Sweda*, 499 N.E.2d 371, 373 (Ohio Ct. App. 1985).  Furthermore, a claim for an accounting "must set forth operative facts which, when construed in the claimant's favor, establish a right to the requested relief." *Fontbank, Inc. v. CompuServe, Inc.*, 742 N.E.2d 674, 683 (Ohio Ct. App. 2000).  "A bare allegation that the plaintiff is entitled to receive an accounting without providing any legal basis therefore is not sufficient to state a claim." *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 674 (S.D. Ohio 2003) (*citing Fontbank, Inc.*, 742 N.E.2d at 683).  Such legal bases and operative facts could have been pled in the form of  "fraud, fiduciary or trust relationship, and necessity." *Miller Med. Sales v. Worstell*, No. 91AP-610, 1992 Ohio App. LEXIS 779, at *18 (Ohio Ct. App. Feb. 18, 1992).  Or, Defendants could have pled that "mutual accounts" or "circumstances of great complication" existed between the parties.  *Chapman v. Lee*, 13 N.E. 736, 740  (Ohio 1887).  Alternatively, the Defendants could have argued that the Plaintiffs had "possession of profits to which another person is entitled to share, regardless of what [their] relationship may have been at the time the profits were earned."  *Baccelieri v. Heath*, 110 N.E.2d 130, 134 (Ohio 1953).  Defendants have pled none of these grounds.

Instead, Defendants have argued that "Plaintiffs have kept poor records of their business enterprises, including their sales and purchases of EIS

products and competing products." (Defs' Am. Compl. ¶ 9). In addition, Defendants have argued that they are entitled to an accounting "of all sales and revenue received as a result of Plaintiffs' businesses, including breaches of the Distributorship Agreements and their sale of the products of IBIS' competitors" in order to properly assess both parties' alleged damages. (Defs' Am. Compl. ¶ 10). However, Defendants have not alleged that a fiduciary relationship exists between the parties, that money or property is owed due to these sales, or that these sales are subject to mutual accounts.[1] (Defs' Am. Compl. ¶¶ 8–10). Furthermore, Defendants could not have argued that there was a fiduciary relationship between the parties because distributorship or franchise agreements do not give rise to fiduciary or confidential relationships between the parties. *See e.g.*, *O'Neal v. Burger Chef Systems, Inc.*, 860 F.2d 1341, 1349 (6th Cir. 1988). Since the Defendants have not alleged operative facts to satisfy the elements of accounting, the Court finds the dismissal of Defendants' equitable accounting claim proper.

In conclusion, the Court finds that the Defendants have failed to plead the elements of a claim of equitable accounting. Furthermore, the information that Defendants seek is available to them through the discovery process. Thus, Plaintiffs' Motion to Dismiss Defendants' Counterclaim of Accounting is **GRANTED**.

---

[1] Defendants instead argue that they have grounds for discovery outside of the Civil Rules, since these disclosures are listed in the distributorship agreement. (Defs' Memo. in Opp. at 6). However, Defendants may not enforce these provisions through an equitable accounting claim. The relief for the alleged failure of the Plaintiffs to report under the distributorship agreement is obtained through an action for breach of contract, which the Defendants have already pled.

**B.  Motion for a More Definite Statement**

Having granted the Plaintiffs' motion to dismiss Defendants'

counterclaim for equitable accounting, the Court must necessarily dismiss as

moot Plaintiffs' alternate motion for a more definite statement.  Accordingly,

Plaintiffs' Motion for a More Definite Statement is **DENIED**.

**IV.  CONCLUSION**

For all the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to

Dismiss (Doc. 59).

The Clerk shall remove Doc. 59 from the Court's pending motions list.


**IT IS SO ORDERED.**


**/  s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**