# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Executone of Columbus, Inc.,** *et al.*,

    **Plaintiffs,**

-v-                                        Case No.: 2:06-cv-126
                                               JUDGE SMITH
                                               Magistrate Judge Abel

**Inter-Tel, Inc.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiffs Executone of Columbus, Inc. ("Executone"), Executone Communications Solutions, Inc., CT-Innovations, LLC, Ideacom of the Gulf Coast, Inc., Ideacom Technologies of Georgia, Inc., and Ideacom Technologies, Inc. (collectively "Plaintiffs"), bring this action for breach of contract and promissory estoppel against Defendants Inter-Tel, Inc. and Inter-Tel Business Information Systems, Inc. (collectively "Defendants" or "Inter-Tel"). Defendants counterclaim for breach of contract. On September 30, 2009, this Court entered an OPINION AND ORDER granting in part and denying in part Defendants' Motion for Summary Judgment (Doc. 88) and denying Defendants' Supplemental Motion for Summary Judgment (Doc. 135), dismissing Plaintiffs' breach of contract claims with prejudice. This matter is before the Court on Defendants' Motion to Dismiss Breach of Contract Counterclaim and Motion for Attorneys' Fees (Doc. 168), which seeks dismissal of Defendants' first Counterclaim for breach of contract without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and also asks the Court to award

attorneys' fees on Plaintiffs' breach of contract claim pursuant to Fed. R. Civ. P. 54(d)(2). The parties have also filed a joint motion to set new deadlines and to set this matter for trial (Doc. 174). For the reasons that follow, the Court provides Defendants with Notice and Opportunity to respond within ten days by filing a notice with the Court indicating whether or not Defendants agree to dismissal of their breach of contract Counterclaim *with prejudice* or alternatively, if they withdraw their motion for dismissal of their breach of contract Counterclaim and **DENIES WITHOUT PREJUDICE** Defendants' Motion for Attorneys' Fees (Doc. 168). The Court also **GRANTS** the parties' Joint Motion to Set New Deadlines and **DENIES WITHOUT PREJUDICE** the parties' Motion to Set This Matter For Trial (Doc. 174).

## I. BACKGROUND

The factual background of this case is set forth in this Court's September 30, 2009 OPINION AND ORDER and is incorporated by reference.

Plaintiffs' Complaint consists of two counts—the first, for breach of contract, premised on Defendants' alleged breaches of the terms of the EIS Distributor Agreements; the second, for promissory estoppel, based on Defendants' alleged failure to keep the promises they made to Plaintiffs both before and after their acquisition of the EIS telephony business. On October 20, 2006, Defendants filed their first amended counterclaim, asserting two counterclaims based on the EIS Distributor Agreements—the first for breach of contract; and the second, for an accounting. The Court, in its April 16, 2007 OPINION AND ORDER, granted Plaintiffs' Motion to Dismiss, dismissing Defendants' counterclaim for accounting. In addition, the Court, in its September 30, 2009 OPINION AND ORDER, dismissed with prejudice Plaintiffs' breach of contract claims on statute of limitations grounds.

Defendants now seek dismissal of their first Counterclaim for breach of contract *without prejudice* pursuant to Fed. R. Civ. P. 41(a)(2). Defendants further ask the Court to designate Defendants as the "prevailing party" under the six Distributor Agreements and request an award of attorneys' fees pursuant to Fed. R. Civ. P. 54(d). Defendants' Motion to Dismiss Breach of Contract Counterclaim and Motion for Attorneys' Fees (Doc. 168) is fully briefed and ripe for review.

## II. MOTION TO DISMISS COUNTERCLAIM WITHOUT PREJUDICE

Defendants seek dismissal of their first Counterclaim for breach of contract without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Fed. R. Civ. P. 41(a)(2) provides:

> **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

(emphasis added).

Plaintiffs oppose dismissal of Defendants' first Counterclaim for breach of contract *without prejudice*, advancing two arguments in support of their opposition. First, Plaintiffs argue that because the Court's September 30, 2009 OPINION AND ORDER dismissed their breach of contract claims with prejudice on statute of limitations grounds, Defendants' breach of contract claims, which arise out of the same contracts, should likewise be dismissed with prejudice on statute of limitations grounds. Second, Plaintiffs contend that any dismissal of Defendants' breach of contract Counterclaim cannot be "without prejudice" because the asserted claim is a compulsory counterclaim to Plaintiffs' remaining promissory estoppel claim, and the dismissal of a

compulsory claim is, by definition, *with prejudice*. Finally, Plaintiffs indicate that they do not object to the dismissal of Defendants' remaining breach of contract Counterclaim, so long as the claim is dismissed with prejudice, and Defendants are not allowed to use such dismissal as grounds to claim "prevailing party" status in the case as a whole.

Plaintiffs correctly posit that Defendants' breach of contract counterclaims, which arise out of the same contracts as Plaintiffs' contract time-barred claims, would likewise be time-barred if brought in an action for affirmative relief. Defendants, however, have indicated that they have brought their breach of contract Counterclaim, in part, "as a recoupment." (*See* Doc. 120 at p.13 n.5). As to claims brought by way of recoupment, the Ohio Supreme Court has explained: "A claim of a defendant which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common-law theory of recoupment, when the claim arises out of the same transaction as the plaintiff's claim for relief, and when it is offered only to reduce the plaintiff's right to relief." *Riley v. Montgomery,* 11 Ohio St.3d 75, syllabus ¶ 1 (1984).

Plaintiffs, in their Memorandum in Opposition, do not concede that Defendants' Counterclaim meets the *Riley* standard for recoupment claims, but instead note that the *Riley* standard mirrors that set out in Rule 13(a) for compulsory counterclaims. (*See* Doc. 171 at 5). Fed R. Civ. P. 13(a) provides: "A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) *arises out of the transaction or occurrence that is the subject matter of the opposing party's claim*; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." (emphasis added). Plaintiffs contend that Defendants, by claiming to have brought their Counterclaim "as a

recoupment," have already conceded that their Counterclaim "arises out" of the same transaction or occurrence as Plaintiffs' claims, and therefore, have also conceded that the Counterclaim is a compulsory counterclaim that cannot be dismissed without prejudice.

Plaintiffs' arguments are well-taken. If Defendants' breach of contract Counterclaim does not meet the *Riley* standard for recoupment, it would be time-barred and dismissed *with prejudice* for the same reasons Plaintiffs' breach of contracts were found to be time-barred. To meet the *Riley* standard for recoupment, the Counterclaim must "arise out of the same transaction as the plaintiff's claim for relief." *Riley*, 11 Ohio St.3d at syllabus ¶ 1. Claims arising out of the same transaction or occurrence as the Plaintiffs' claims, however, are compulsory counterclaims and cannot dismissed *without prejudice*. *See e.g.*, *Stern v. Whitlatch & Co*, 91 Ohio App.3d 32, 36 (1993) (holding that compulsory counterclaims voluntarily dismissed without prejudice in earlier suit could not be later re-filed because this would circumvent the purpose of the compulsory counterclaim rule, which is to promote the resolution of all related claims), *cert. denied*, 68 Ohio St.3d 1447 (1994); *SSMC, Inc. v. Steffen*, 102 F.3d 704, 712 (4th Cir. 1996) ("Given that SFAC's counterclaim was, as it repeatedly stated, compulsory, the district court was correct in concluding that a 'dismissal without prejudice [would] have the same effect as a dismissal with prejudice.'"). *See also*, *McConnell v. Applied Performance Technologies, Inc.*, 2002 WL 32882707, at *9 n.3 (S.D. Ohio Dec. 11, 2002) (Holschuh, J.) (citing *Stern*, *supra*, and noting it was "unclear what [defendant] was attempting to accomplish by dismissing [his] counterclaims without prejudice" where the counterclaims were compulsory counterclaims).

Defendants, in their Reply, fail to directly address Plaintiffs' arguments, instead advancing arguments in support of their position that they are the prevailing parties under the Distributor

Agreements, even if their breach of contract Counterclaim is dismissed with prejudice. (*See* Doc. 173 at 3). Further, Defendants, in an effort to support their assertion that they are the prevailing party, state: "it is clear that Defendants' counterclaim for breach of contract is 'related . . .to the main complaint' and does not 'otherwise require proof outside the scope of the plaintiff's claim.'" (Defs.' Reply, Doc. 173 at 7). Thus, it appears that Defendants concede that their breach of contract Counterclaim is a compulsory counterclaim under Fed. R. Civ. P 13(a).

As set forth above, dismissal of claims pursuant to Fed. R. Civ. P. 41(a)(2) is predicated upon terms the Court considers proper. Based upon the foregoing analysis, the Court concludes that dismissal of Defendants' breach of contract Counterclaim *without prejudice* is not proper. Therefore, the Court provides Defendants with Notice and Opportunity to respond within ten days by filing a notice with the Court, indicating whether or not Defendants agree to dismissal of their breach of contract Counterclaim *with prejudice* or alternatively, if they withdraw their motion for dismissal of their breach of contract Counterclaim.

### III. MOTION FOR ATTORNEYS' FEES

Defendants ask the Court to declare that they are the "prevailing party" under the Distributor Agreements such that they can obtain an award of attorneys' fees prior to a trial of Plaintiffs' remaining promissory estoppel claim.

The parties acknowledge that the timing of motions for attorneys' fees under Fed. R. Civ. P. 54(d) lie within the discretion of the Court. (*See* Defs.' Reply at 2; Pls.' Memo. in Opp. at 2). Like most courts, this Court prefers to consider motions for attorneys' fees *after* rendering final judgment on the merits of the case. Because the Court has not yet entered judgment in this case,

the Court presently declines to consider the issue of attorneys' fees, if any. Accordingly, the Court **DENIES** Defendants' motion for attorneys' fees **without prejudice to refile after final judgment on the merits has been rendered** in the case.

### IV. JOINT MOTION TO SET NEW DEADLINES AND SET THIS MATTER FOR TRIAL

The parties have represented that this Court's ruling on Defendants' motion for summary judgment, which granted summary judgment with respect to Plaintiffs' contract claims but denied it with respect to Plaintiffs' promissory estoppel claims, has required the parties to revisit the issue of damages. The parties indicate that they need additional time for revised expert reports and to schedule and conduct depositions of the experts. In addition, the parties represent that additional time is necessary to conclude the deposition of a non-party witness.

Based upon the parties' representations, the Court **GRANTS** the motion to set new deadlines for expert reports and discovery cut-off.

The Court **DENIES WITHOUT PREJUDICE** the parties' Motion to Set This Matter For Trial (Doc. 174). The Court believes mediation in the instant case would be beneficial. Therefore, the Court has referred this matter to the Court's Mediator, Bob Kaiser, and he will contact the parties to schedule the mediation. If the mediation is unsuccessful, Mr. Kaiser will notify the court, and at that time, the Court will set a trial date.

## V.  DISPOSITION

Based upon the foregoing, the Court provides Defendants with **Notice and Opportunity to respond within ten days by filing a notice with the Court**, indicating whether or not Defendants agree to dismissal of their breach of contract Counterclaim *with prejudice* or alternatively, if they withdraw their motion for dismissal of their breach of contract Counterclaim and **DENIES WITHOUT PREJUDICE** Defendants' Motion for Attorneys' Fees (Doc. 168).

The Court also **GRANTS** the parties' Joint Motion to Set New Deadlines and **DENIES WITHOUT PREJUDICE** the parties' Motion to Set This Matter For Trial (Doc. 174).  The new expert report and discovery cut-off dates are as follows: Plaintiffs' expert reports are due **February 22, 2010**; Defendants' expert reports are due **April 19, 2010**; rebuttal reports are due **May 19, 2010**; the expert discovery cut-off date, including cut-off date for expert depositions and concluding Steve Mihaylo's deposition, is **July 16, 2010**.  The Court has referred this matter to the Court's Mediator, Bob Kaiser, and he will contact the parties to schedule mediation.  If the mediation is unsuccessful, Mr. Kaiser will notify the court, and at that time, the Court will set a trial date.

The Clerk shall remove Documents 168 and 174 from the Court's pending motions list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**